```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,       :
                                :   NOTICE OF MOTION
     -against-                  :
                                :   07 Cr. 1134 (KMK)
DARRYL HARRIS,                  :
                                :
          Defendant             :
-------------------------------X
```

S I R S:

PLEASE TAKE NOTICE, that upon the annexed affirmation of Larry Sheehan, Esq., duly affirmed the 9TH day of June, 2008, and upon all of the pleadings and proceedings heretofore had herein, the undersigned will move this Court before the Honorable Kenneth M. Karas, Judge of the United States District Court for the Southern District of New York, at the Courthouse located at 300 Quarropas Street, White Plains, State of New York, on the 17th day of July, 2008 at 9:30 A.M., or as soon thereafter as counsel can be heard, for orders granting the following:

1. Compelling the government to disclose the identity, Social security number, dates of birth, address and criminal history of any confidential informants used by the government in this case, as well as any other information the Court deems appropriate or, in the alternative make these people available for counsel to interview pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

2. Granting an order compelling the government to disclose the evidence it intends to introduce of other crimes, wrongs or acts, including uncharged crimes pursuant to Federal Rules of Evidence, Rule 404(b).

3. Granting an order precluding the government from impeaching the defendant with evidence of prior convictions, prior bad acts or uncharged crimes as evidence in chief, or as impeachment material against the defendant pursuant to Federal Rules, of Criminal Procedure, Rule 17.1 and 609, or in the alternative granting a hearing thereon.

4. Granting suppression of any in-Court identification and out-of-Court identification which was procured as a result of a violation of the defendant's due process rights (Neil v. Biggers, 409 U.S. 188, 1972; United States v. Wade, 388 U.S. 218, 1967), or alternatively granting a hearing on this issue.

5.  Granting an order which will provide the defendant with all exculpatory evidence within their possession, pursuant to Brady v. Maryland, 373 U.S.83.

6.  The defendant further reserves the right to make any appropriate motion predicated upon information contained in discovery material not provided.

7.  Granting Darryl Harris, such other, further and different relief as this Court may deem just, equitable and proper.

Dated:  Bronx, New York
        June 9, 2008

                        Yours, etc.

                        Larry Sheehan, Esq.
                        Attorney for the Defendant
                        840 Grand Concourse, Suite 1BB
                        Bronx, New York 10451
                        (718) 401-7724


To: Clerk of the Court
    United States Courthouse
    300 Quarropas Street
    White Plains, New York 10601

    Ausa John Collins
    Assistant United States Attorney
    Southern District of New York
    300 Quarropas Street
    White Plains, New York 10601

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,      :
                               :   AFFIRMATION IN SUPPORT
     -against-                 :   OF DEFENDANT'S MOTION
                               :
                               :   07 CR 1134
DARRYL HARRIS,                 :
          Defendant            :
-------------------------------X

STATE OF NEW YORK      }
                       }ss.:
COUNTY OF BRONX        }
```

LARRY SHEEHAN, affirms under penalty of perjury and pursuant to 28 U.S.C. 1746 that:

1. I am the attorney of record for defendant, Darryl Harris, having been assigned pursuant to the Criminal Justice Act. This affirmation is submitted in support of various requests for relief on behalf of Mr. Harris.

2. I make this affirmation on the basis of information and belief, the source of which is a review of discovery items thus far provided by the government; conversations with the defendant, conversations with co-counsel; conversations with the assigned United States Attorney, John Collins, the indictment, and other Court papers herein.

STATEMENT OF FACTS

3. Darryl Harris is charged by way of indictment and is accused of conspiring with others to commit a forcible bank robbery in violation of Title 18 of the United States Code, Section 2113 (a) and (d) in count one and forcibly removed property from a bank and assault and put in jeopardy the life of another person by use of a dangerous weapon in violation of Title 18 United States Code Sections 2113 (a) and (d) & 2.

4. It is alleged that on or about October 11, 2007, the defendant and others robbed the JP Morgan Chase Bank located at 875 Saw Mill River Road.

5. It is further alleged that on the aforementioned date the defendant and others were armed with a dangerous weapon.

6. On October 30, 2007, the defendant was arrested pursuant to an arrest warrant.

## MOTION TO COMPEL DISCLOSURE OF CONFIDENTIAL INFORMANTS

7. The defendant has been put on notice of a possible confidential informant or informants. It is his position that in order to properly prepare for trial the defendant should be apprised of the names, dates of birth, social security numbers, addresses and criminal histories be within thirty (30) days of trial so that the he may have an adequate opportunity to effectively utilized the material, particularly if it points to the existence of evidence helpful to the defendant (United States v. Goldman, 439 F.Supp. 337 (S.D.N.Y. 1977).

This limited pre-trial request for disclosure would preserve judicial resources and facilitate the smooth functioning of the trial Court's schedule.

## MOTION TO SUPPRESS IDENTIFICATION

8. The defendant further moves for the suppression of any testimony by the undercover police officer or any other witness pertaining to the identification of the defendant as the perpetrator of the crime.

The defendant was arrested on October 30, 2007 pursuant to an arrest warrant and thereafter it is believed that his photograph was displayed to a civilian witness.

It is the defendant's position that the proceedings employed by the agents were both suggestive and unconstitutionally violative of the defendant's rights (Neil v. Biggers, 409 U.S. 188  1972; United States v. Wade, 388 U.S. 218 1967).

The in-Court identification of any witness who has previously identified the defendant in an improper or suggestive setting should be suppressed under the "fruit of the poisonous tree" doctrine (United States v. Cruz, 445 U.S. 463; Wong Sun v. United States, 371 U.S. 471).

     Therefore, the defendant requests the suppression of any in-Court or out-of-Court identification of the defendant pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

MOTION TO DISCLOSE EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b)

    9. As this Court is well aware, the defendant is charged with participation in a conspiracy to rob a bank.

    10. The government has provided discovery regarding allegations of the defendant's prior commission of a bank robbery.

    11. The defendant believes that it is the Government's intention to utilize certain facts of the defendant's prior robberies in the direct portion of their case. The defendant will oppose the introduction of prior similar bad acts.

    12. Therefore, the defendant requests that this Court order the Government to divulge this information within thirty (30) days of trial and further reserves the right to request a pre-trial hearing on this issue.

MOTION TO SUPPRESS EVIDENCE IMPEACHING THE DEFENDANT'S CREDIBILITY

    13. The defendant respectfully requests that this Court preclude the government from impeaching the defendant's credibility with prior convictions, bad acts or uncharged crimes. The defendant intends to testify on his own behalf in this matter and should not be weighed down with excess baggage of prior bad acts, convictions or uncharged crimes. The probative value of this type of evidence is very limited and the prejudice to the defendant would far outweigh any probative value of this evidence.

    Therefore, the defendant requests that this court preclude any evidence of the defendant's prior convictions, bad acts or uncharged crimes or in the alternative requests a hearing on this matter.

## MOTION TO DISCLOSE THE IDENTITY OF THE GOVERNMENT'S WITNESSES

14. The defendant most respectfully urges this Court to order the government to provide him with the names of all witnesses the government intends to utilize during this trial. (United States v. Cannone, 528 F.2d 295, 2nd cir. 1979).

## MOTION FOR BRADY MATERIAL

15. "The law is clear that Brady and its progeny require that the government disclose material impeachment evidence (United States v. Kiszewski, 877 F.2d 210, 216 2nd Cir. 1989). Disclosure of Brady material is required pre-trial if defense counsel, " although possibly aware of the relevant information, was unable, as a practical matter, to use it to cast doubt upon contrary evidence proffered by the government or its witnesses." (United States v. Iverson, 648 F.2d 737, 738 D.C. Cir. 1981).

Brady material must be disclosed "in time for the effective use of the material at trial." (United States v. Payden, 613 F.Supp.800, 821 S.D.N.Y. 1985).

## MOTION TO RESERVE THE RIGHT TO MAKE ADDITIONAL MOTIONS

16. The defendant reserves the right to make further motions based upon any new information supplied by the prosecution in the answer to the instant motion, or as a result of any hearings granted by the Court.

WHEREFORE, the undersigned respectfully requests that the Court grant the relief heretofore requested.

DATED: Bronx, New York
     June 2, 2008

                          Respectfully submitted,

                          LARRY SHEEHAN