UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA :

    -v.- : 07 Cr. 1134 (KMK)

DARRYL HARRIS, :

    Defendant. :
------------------------------------------------------x

### GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S OMNIBUS MOTIONS

#### PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to defendant's motions: (1) to suppress any in-court or out-of-court identification of the defendant; and (2) for further discovery. Defendant's motions are meritless. First, the photographic array shown to the witness is not remotely suggestive. Second, the defendant has already received all of the pre-trial disclosure to which he is entitled.

#### RELEVANT FACTS

Defendant Darryl Harris is charged in a two count Indictment with conspiracy to commit bank robbery and bank robbery. Specifically, the defendant is charged with robbing approximately $21,718 from the JP Morgan Chase Bank in Ardsley, New York on October 11, 2007.

On November 8, 2007, Special Agent Michael D. Harkins showed Christina

1

Dawn Davis[1] a six person photographic array that had been prepared by law enforcement featuring the facial photographs of Harris (pictured in photograph #2) and five other individuals. (See Exhibit A). Davis identified photograph #2 as the individual she knew as Gregory Harris's cousin and with whom she robbed the JP Morgan Chase Bank on October 11, 2007. She then initialed and dated the photographic array above Harris's picture.

## ARGUMENT

### I.

### THE MOTION TO SUPPRESS IDENTIFICATION TESTIMONY SHOULD BE DENIED.

Here, Darryl Harris moves to suppress eyewitness identification testimony. First, Harris seeks to suppress evidence that his accomplice – Christina Dawn Davis – identified Harris from a photographic array prepared by law enforcement. In the defense view, the photographic array was "both suggestive and unconstitutionally violative of the defendant's rights." (Sheehan Aff. ¶ 8). Second, Harris moves to preclude Davis from making an in-court identification of the defendant. (Id.).

This Court should deny the motion to suppress the array identification without a hearing as the array is not remotely suggestive and the motion is meritless on its face. In the event that this Court agrees, then the Court should also deny the motion to suppress the witness's in-court identification. See United States v. Salameh, 152 F.3d 88, 126 (2d Cir. 1998) (witness may make in-court identification where procedures leading to pre-trial identification not unduly

---

[1] On April 9, 2008, Davis pleaded guilty before this Court to Information 08 Cr. 307 (KMK) charging her with conspiring to rob and robbing the JP Morgan Chase Bank in Ardsley, New York on October 11, 2007.

2

suggestive).

### A. Applicable Legal Principles

#### 1. Photographic Identifications

A prior identification is admissible under Fed. R. Evid. 801(d)(1)(C) regardless of whether the witness confirms the identification in-court. United States v. Salameh, 152 F.3d at 125); accord United States v. Anglin, 169 F.3d 154, 159 (2d Cir. 1999).

Identification evidence is subject to suppression only if the photographic array or procedure used in connection with the identification was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." Stovall v. Denno, 388 U.S. 293, 302 (1967), abrogated on other grounds, Griffith v. Kentucky, 479 U.S. 314 (1987); United States v. Jakobetz, 955 F.2d 786, 803 (2d Cir. 1992). That standard is met only if there is "a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968); Manson v. Brathwaite, 432 U.S. 98, 116 (1977). Short of that, identification evidence, even if it has some element of untrustworthiness, is for the jury to weigh and credit or discredit. Manson v. Brathwaite, 432 U.S. at 116; see also Watkins v. Sowders, 449 U.S. 341, 348 (1981).

#### 2. In-Court Identifications

The standard for evaluating the admissibility of in-court identification evidence is well settled. "The first question is whether the pretrial identification procedures were unduly suggestive of the suspect's guilt. If they were not, the trial identification testimony is generally admissible without further inquiry into the reliability of the pretrial identification." United States v. Maldonado-Rivera, 922 F.2d 934, 972 (2d Cir. 1990). Even where pretrial procedures are

3

unduly suggestive, "a court may nonetheless admit in-court identification testimony if the court determines it to be independently reliable[.]" Id.; see United States v. Wong, 40 F.3d 1357, 1359 (2d Cir. 1994).

The independent reliability of identification testimony depends upon factors set forth by the United States Supreme Court in Neil v. Biggers, 409 U.S. 188 (1972). Those factors include "the opportunity of the witness to view the criminal at the time of the crime, the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the [identification], and the length of time between the crime and the [identification]." Id. at 199-200.

Whether a witness's identification is independently reliable warrants consideration only if the court first determines that the pretrial identification procedures were unduly suggestive. Otherwise, the reliability of the identification is left to be tested on cross-examination. United States v. Leonardi, 623 F.2d 746, 754 (2d Cir. 1980).

**B.      Discussion**

Here, the defendant argues in conclusory fashion that the photographic array was "both suggestive and unconstitutionally violative of the defendant's rights." Tellingly, the defendant cannot identify any aspect of the photographic array that is suggestive – most likely because there is nothing remotely suggestive or improper to highlight. The array shows six similarly looking African-American individuals with facial hair. In short, it cannot be said that "the picture of the [defendant] . . . so stood out from all the other photographs as to suggest to an identifying witnesses that [the defendant] was more likely to be the culprit." Jarrett v. Headley, 802 F.2d 34, 41 (2d Cir. 1986) (quotation omitted).

4

Nor, is there any basis for a hearing or preclusion of the witness's (future) in-court identification. As the Second Circuit has noted, "the Supreme Court has made it clear that there is no per se rule compelling such a [hearing] in every case . . . . Even if the only duty of [the] jury in the case is 'to assess the reliability of th[e identification] evidence . . . the information needed for assessment of reliability can ordinarily be elicited through the time-honored process of cross-examination." Dunnigan v. Keane, 137 F.3d 117, 128-29 (2d Cir. 1998) (quotations marks and citation omitted) (emphasis in original); Salameh, 152 F.3d at 126 (where defendants failed to demonstrate that the pre-trial photo-array identification "was based on unduly suggestive procedures . . . any question regarding the reliability of [the witness's in-court] identifications goes only to the weight of the evidence, not its admissibility"). Where, as here, the defendant fails to make any allegation or showing of impropriety in the conduct of an array, a hearing into the identification procedures is not warranted. Leonardi, 623 F.2d at 755.

## II.

### Harris's Discovery Motions Are Meritless

Harris moves to compel the Government to provide additional discovery. Because the defendant has already received all of the pre-trial disclosure to which he is entitled, Harris's motions should be denied.[2]

---

[2] At the outset, the Government argues that defendant's motions to compel discovery are not properly before the Court because defense counsel has failed to comply with the requirements of Local Criminal Rule 16.1 (stating "No motion addressed to a bill of particulars or answers or to discovery and inspection shall be heard unless counsel for the moving party files with the court simultaneously with the filing of the moving papers an affidavit certifying that said counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues remaining unresolved.")

### A.  Fed. R. Evid. 404(b)

Rule 404(b) requires <u>only</u> that the Government provide the defense "<u>reasonable</u> notice in advance of trial" that it plans to introduce evidence of a defendant's prior bad acts or crimes. Fed. R. Evid. 404(b) (emphasis added). As the Second Circuit has repeatedly stated, the court takes an "inclusionary" approach to evidence under Rule 404(b), providing that such evidence is admissible when offered for <u>any</u> purpose other than proving action in conformity with character. <u>See</u> <u>United States</u> v. <u>Pascarella</u>, 84 F.3d 61, 69 (2d Cir. 1996).

The Government proposes, two calendar weeks before trial, to provide notice of other crimes or bad acts, if any, that the Government will seek to prove at trial pursuant to Rule 404(b). If other crimes evidence is discovered or becomes relevant after that point, or during the trial, the Government will bring such evidence to the immediate attention of the defense and the Court. <u>See</u> <u>United States</u> v. <u>Castro</u>, No. 94 Cr. 809 (JFK), 1995 WL 6235, at *3 (S.D.N.Y. Jan. 6, 1995)

Accordingly, Harris's motion for early production of Rule 404(b) evidence should be

---

(emphasis added).

        Defense counsel has failed to: (1) confer with the Government in an effort in good faith to resolve by agreement the issues raised by the motion; and (2) submit the required affidavit certifying that said counsel has conferred with the Government in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court and has been unable to reach such an agreement. (<u>See</u> Local Criminal Rule 16.1.) As a result, defendant's motions for additional discovery should be denied. <u>United States</u> v. <u>Jailall</u>, No. 00 Cr. 069 (RWS), 2000 WL 1368055, at *4 (S.D.N.Y. Sept. 20, 2000) (failure to comply with Local Criminal Rule 16.1 "alone would warrant denial of the motion"); <u>United States</u> v. <u>Guevara</u>, No. 99 Cr. 445 (AGS), 1999 WL 639720, at *2 (S.D.N.Y. Aug. 23, 1999) ("[D]efendant has apparently failed to comply with Local Criminal Rule 16.1, which requires that the parties attempt to resolve discovery matters before raising them with the Court. That alone would merit denial of the discovery motions."); <u>United States</u> v. <u>Ahmad</u>, 992 F. Supp. 682, 684-85 (S.D.N.Y. 1998) (Kaplan, J.) ("There is no suggestion that counsel has made any effort to resolve any discovery issues with the government before invoking the aid of the Court. Accordingly, this aspect of the motion also is denied for failure to comply with Rule 16.1.").

denied.

**B.    Brady**

Harris's motion also seeks material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. As stated in the Government's discovery letter to defense counsel, the Government is aware of no such material at this time, but, as also stated in that letter, the Government is aware of its continuing obligation to disclose such material and will provide timely disclosure if any such material comes to light. In this respect, too, defendant's motion for relief should be denied. "Courts in this Circuit have repeatedly denied pre-trial requests for discovery orders pursuant to Brady where the Government, as here, has made a good-faith representation to the Court and defense counsel that it recognizes and has complied with its disclosure obligations under Brady." United States v. Birkett, No. 99 Cr. 338 (RWS), 1999 WL 689992, at *6 (S.D.N.Y. Sept. 2, 1999) (collecting cases); accord United States v. Trochelmann, 98 Cr. 1276 (JFK), 1999 WL 294992, at *3 (S.D.N.Y. May 11, 1999).

**C.    Evidence Impeaching Harris's Credibility**

Harris's motion to preclude the Government from cross-examining the defendant based upon his prior convictions, bad acts or uncharged crimes is baseless.

Rule 609(a)(1) of the Federal Rules of Evidence provides that "evidence that an accused has been convicted of [a felony] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Evidence of convictions for crimes involving "dishonesty or false statement" is admissible regardless of its effect. Id. 609(a)(2); see United States v. Hourihan, 66 F.3d 458, 464 (2d Cir. 1995), cert. denied, 516 U.S. 1135 (1996); United States v. Alfonso, 94 Cr. 813 (HB),

7

1995 WL 276198, *1 (S.D.N.Y. May 11, 1995). Evidence of prior convictions is subject to a time limit of ten years from the later of the date of conviction or the date the defendant was released from confinement relating to the conviction. See Fed. R. Evid. 609(b).

It is axiomatic that a defendant who takes the stand to testify "may be impeached . . . like . . . any other witness." Brown v. United States, 356 U.S. 148, 154 (1958). A testifying defendant "has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts." Id. at 155 (quotation omitted); see also United States v. Havens, 446 U.S. 620, 627 (1980) (essential to permit Government to pose "proper and effective cross-examination"). Thus, cross-examination of a defendant appropriately encompasses "all non-collateral matters." United States v. Ferguson, 758 F.2d 843, 849 (2d Cir. 1985) (emphasis added).

Harris's motion to suppress "evidence impeaching the defendant's credibility" is, as evident from his submission, without a basis in law and should be denied.

D.  **Witness List and Confidential Informants**

Nothing in Rule 16 or any other statute or rule obligates the Government to disclose the identity of its prospective witnesses, their social security numbers, their dates of birth, addresses or school records.[3] As the Second Circuit has explained, "Fed. R. Crim. P. 16 does not require

---

[3]   To the extent that Harris asks for criminal histories of the Government's witnesses, a request to compel production of witness statements and impeachment material is wholly premature at this time. See United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001) (holding that as a general rule, Brady and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant and that the "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements"); United States v. Nunez, 00 Cr. 121 (RCC), 2001 WL 91708, at *8 (S.D.N.Y. Feb. 1, 2001) ("There is no constitutional right to have early disclosure of Giglio and 3500 material"); United States v. Gutierrez-Flores, 94 Cr. 393 (CSH), 1994 WL 558034, at *3 (S.D.N.Y. Oct. 11, 1994)

the Government to furnish the names and addresses of its witnesses." United States v. Bejasa, 904 F.2d 137, 139 (2d Cir. 1990). United States v. Cannone, 528 F.2d 296 (2d Cir. 1975), makes clear that a defendant is entitled to disclosure of the Government's witnesses only if he makes "a *specific* showing that the disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case." Id. at 301. A mere "abstract conclusory claim that such disclosure [is] necessary to [the] proper preparation for trial" is insufficient. Id. at 301-02 (abuse of discretion for the district court to grant defense motion for a witness list supported by only general statement of need); see also United States v. Biaggi, 675 F. Supp. at 810-11; United States v. Feola, 651 F. Supp. at 1138.

The law is clear that, "absent 'some particularized showing of need,' the defendant is not entitled to lists of government witnesses." United States v. Wilson, 565 F. Supp. 1416, 1438 (S.D.N.Y. 1983), overruled on other grounds, United States v. Reed, 773 F.2d 477 (2d Cir. 1985). Because this "heavy burden," United States v. Alvalle, 85 Cr. 419 (JFK), 1985 WL 2348, at *1 (S.D.N.Y. Aug. 22, 1985), can rarely be met, requests for witness lists are routinely denied in this District. See, e.g., United States v. Ahmad, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (Kaplan, J.); United States v. Perez, 940 F. Supp. 540, 552 (S.D.N.Y. 1996).

In this case, Harris has made no showing whatsoever that disclosure of the Government's

---

(disclosure of impeachment material not required "until the witness is called to testify").

Consistent with the regular practice in this District, the Government intends to make impeachment material available to the defense at the time it provides material pursuant to 18 U.S.C. § 3500 – at least "one day prior to the day the witness is called to testify on direct examination." Gutierrez-Flores, 1994 WL 558034, at *3. Moreover, in order to avoid any delay in the trial, the Government will produce such materials sufficiently in advance of each Government witnesses' testimony. This practice will allow defense counsel adequate time to prepare for cross-examination of Government witnesses as they come up at trial.

9

witnesses is both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case. Accordingly, Harris's motion for a "government witness list" should be denied.[4]

### E. The Government is Entitled to Reciprocal Discovery

The Government moves for reciprocal discovery pursuant to Fed. R. Crim. P. 16(b)(1)(A) and (B). The Government moves the court for an order directing Harris to permit the Government: (1) to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are in the possession, custody, or control of the defendant, which the defendant intends to introduce as evidence at the trial; and (2) to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness's testimony.

---

[4] Contrary to Harris's claim, this case did not involve the use of a confidential informant and the Government did not put Harris on notice of a possible confidential informant.

## CONCLUSION

For the foregoing reasons, defendant's motions should be denied without a hearing.

Dated: June 18, 2008
      White Plains, New York

                    Respectfully submitted,

                    MICHAEL J. GARCIA,
                    United States Attorney for the
                    Southern District of New York,
                    *Attorney for the United States of America*

            By: _____
                John P. Collins, Jr.
                Assistant United States Attorney
                (914) 993-1919

## AFFIRMATION OF SERVICE

JOHN P. COLLINS, JR., pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that:

On June 18, 2008, I served one copy of the within Government's Memorandum of Law in Opposition to Defendant's Omnibus Motions by causing the same to be enclosed in a Federal Express envelope addressed to:

Larry Sheehan, Esq.
840-11 Grand Concourse, Suite 1BB
Bronx, NY 10451

and causing the envelope to be placed in the outgoing mail for Federal Express delivery from 300 Quaroppas Street, White Plains, New York 10601.

Executed on June 18, 2008, at White Plains, New York.

_____
JOHN P. COLLINS, JR.
Assistant United States Attorney
Tel. No.: (914) 993-1919

CDD 11/2/07






