UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
UNITED STATES OF AMERICA,

                                          07 CR 1134 (KMK)

     -against-

DARYL HARRIS,
                Defendant.
-----------------------------------------------------------

DEFENDANT DARYL HARRIS
PROPOSED VOIR DIRE QUESTIONS

                                          LARRY SHEEHAN, ESQ.
                                          Attorney for Defendant
                                          Daryl Harris
                                          840 Grand Concourse, Suite 1BB
                                          Bronx, New York 10451
                                          Tel. (718) 401-7724

TO:  Michael J. Garcia, ESQ.
       United States Attorney
       Southern District of New York
       300 Quarropas Street
       White Plains, New York 10601

      Attn:  John Collins, ESQ.
             Anna M. Skotko, ESQ.
             Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
UNITED STATES OF AMERICA,

                                                   07 CR 1134 (KMK)

    -against-

DARYL HARRIS,

         Defendant.

-------------------------------------------------------

## DEFENDANT DARYL HARRIS
## PROPOSED VOIR DIRE QUESTIONS

        The defendant, Daryl Harris, respectfully requests that in addition to its customary questions, the Court cover the following areas in its voir dire. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate, concluding in such instance with an inquiry as to whether the juror is certain that the particular fact or circumstance would not influence the juror in favor of or against the government or the defendant.

## QUESTIONS FOR THE JURORS AS A GROUP

    1.    Has any juror or any member of his or her family been employed by any federal, state, city or local government on a voluntary or paid basis?

    2.    Has any juror or any member of his or her family served as a member of a grand jury, state or federal?

    3.    Is any juror or member of his or her family a member of any City, County, State, Federal or National Crime Commission, or organization engaged in similar work?

4. Has any juror or any member of his or her family had any prior jury service in criminal cases in any court, state or federal? If so, did the case go to verdict and did the Judge or either attorney comment on or speak with the jurors after the verdict or did any of the Court staff speak with the jury after the verdict?

5. Has any juror had any prior jury service in civil cases? If so, do you understand that the burden of proof in a criminal case is different from that in a civil case? In a civil case the burden of proof is a preponderance of the credible evidence, but in a criminal case the burden of proof is beyond any reasonable doubt.

6. Has any juror been a witness in any criminal prosecution, state or federal or appeared as a witness in any investigation by a federal or state grand jury, licensing authority, or governmental agency?

7. Has any juror or-any member of his or her family or close friend ever been the victim of or witness to any crime? If so, did the juror go individually or accompany his/her friend or family member to any police or other law enforcement office or to any judicial proceeding in connection with that crime?

58. Have you, or has any member of your family, any associate or close friend, ever been charged with or convicted of a crime?

9. Has any juror or any member of his or her family any relationship, or any intimate friendship, with any city, state, or federal officer, or officer engaged in law enforcement; if so, please explain the nature and extent thereof?

10. Has any juror or any member of his or her family any knowledge of this case, or did anyone speak to any juror or member of his or her family concerning this case?

11. Is the prospective juror's state of mind such that said juror is opposed to or finds any fault with the following basic principles of law:

a) The indictment is merely a charge, is proof of nothing, and no unfavorable inference may be drawn against the defendant because he or she has been indicted by a grand jury, which has heard only one side of the case, untested by cross examination.

b) Anyone accused of a crime is presumed to be innocent and such presumption continues throughout the trial, even while the jury deliberates, and entitles the defendant to an acquittal unless the jury unanimously finds the prosecution has proven guilt has been established beyond a reasonable doubt.

c) That the burden is, at all times, upon the prosecution, that the defendant has no burden of offering proof or taking the stand in her own defense and, even if she does not, no unfavorable inference may be drawn against him.

d) That the defendant must be acquitted unless guilt is established beyond a reasonable doubt by reliable and credible proof, and not upon suspicion, speculation, guess or conjecture.

  12. The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions.  You may not substitute your notions of what the law is or what you think is should be.  At the conclusion of the case, your job will be to determine whether or not each of the defendants is guilty as charged in the indictment.

  13. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in the case?

  14. Is any member of the jury or his or her family now under subpoena or about to be in any criminal or civil case in which the United States is a party?

  15. Will each juror accept this law in its entirety, solely and exclusively from the Court, whether or not the same agrees with the juror's understanding of the law, or the juror's opinion of what the law should be?

  16. Will each juror keep his or her mind open and refrain from formulating any opinion until the conclusion of the entire case and the Court's charge?

  17. Will each juror, although it is his or her right and duty to listen to the opinions of his or her co-jurors, render a verdict that will be consistent with the juror's understanding and finding with respect to the evidence and with the Court's charge on the law?

  18. Will any juror have any hesitation in rendering a verdict of not guilty with respect to the defendant, if his guilt is not established beyond a reasonable doubt by reliable and credible proof?

  19. Before you hear the evidence, have you any prejudice or bias in favor of or against an indictment which charges the crimes that I have described?

  20. Would you say that any prior jury service which you may have rendered in a criminal case would in any way tend to influence your judgment in this particular case?

  21. Does anyone have a general feeling of prejudice or bias or any emotional feeling at all which would impair his or her judgment in this case?

  22. Does any juror have any religious, philosophical or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law and the evidence?

  23. Do you have any training in, or have you taken any courses in law? If so, when and what:

  24. Do you know any attorneys who practice criminal law and if so, have you ever discussed cases with them?

25. Would you attach greater weight to the testimony of a witness because he or she happens to be a government employee or law enforcement agent as opposed to a witness who is not so employed?

26. This case deals with charges of bank robbery. While these are just charges which the government must prove beyond a reasonable doubt, is there any one of you who, because of prior experience or otherwise, would be unable to render a fair verdict in this type of case?

27. Have you or any member of your family or close circle of friends ever been the victim of a crime? (If so appropriate inquiry as to the specifics and as to whether that experience may preclude a fair inquiry in this case.)

28. Does any juror have any problems with his or her vision, or any other physical problem which would prevent him or her from giving full attention to all of the evidence of this trial?

29. Does any juror have any difficulty understanding or reading English to any degree?


## KNOWLEDGE OF TRIAL PARTICIPANTS

30. Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendants or with any relative, friend, or associate of the defendants?

31. Does any juror have any relatives, friends, associates, or employers who know or who have had any dealings with any of the defendants?

32. Have you read read about or seen anything on TV about the present case?

33. Do you have any personal criticisms about the way the criminal justice system works?

34. The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York, who is named Michael J. Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys John Collins and Anna M. Skotko.  Do any of you know Mr. Garcia, Ms. Skotko, or Mr. Collins?  Have any of you had any dealings either directly or indirectly, with these individuals?

35. The defendant DARRYL HARRIS is represented by Larry Sheehan, Esq. Do any of you know Mr. Sheehan?

QUESTIONS FOR INDIVIDUAL JURORS

36. What is the county of your residence?

37. Describe the community in which you live?

38. Are you married? Children? How old are they?

39. Are you employed?

40. Who is your employer?

41. What are your responsibilities?

42. Highest level of education attained?

43. Have you ever been in the military service? If so, what branch and when?

44. Do you belong to any business, civil or social clubs or organizations? If so, which ones:

45. Same as questions 28 through 29 with respect to former positions, if retired or if such positions are otherwise relevant.

46. Same as questions 27 through 29 with respect to your spouse's employment.

47. Same as questions 27 through 30 with respect to juror's grown children and spouses.

48. From this point on until you retire to deliberate your verdict, it is your duty not to discuss this case, and not remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family or with friends.

49. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

50. In this regard, let me explain to you that the attorneys and the defendants are not supposed to talk to jurors. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

Dated: September 5, 2008
      Bronx, New York

                              Respectfully submitted,

                              Larry Sheehan
                              Attorney for Defendant
                              Darryl Harris
                              840 Grand Concourse
                              Bronx, New York 10451
                              Tel. (718) 401-7724

TO:     Michael J. Garcia, ESQ.
          United States Attorney
          Southern District of New York
          300 Quarropas Street
          White Plains, New York 10601
          Attn: Anna M. Skotko, Esq.
                John Collins, Esq.
                Assistant United States Attorneys