UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x
                                      :
UNITED STATES OF AMERICA              :
                                      :
            -v-                       :
                                      :
DARRYL HARRIS,                        :     07 Cr. 1134  (KMK)
      a/k/a "Darrell Harris,"         :
                                      :
                        Defendant.    :
                                      :
- - - - - - - - - - - - - - - - - - - x


### GOVERNMENT'S PROPOSED REQUESTS TO CHARGE


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for the United States
of America


ANNA M. SKOTKO
JOHN P. COLLINS, JR.
Assistant United States Attorneys
      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x
                                        :
UNITED STATES OF AMERICA                :
                                        :
        -v-                             :
                                        :
DARRYL HARRIS,                          :        07 Cr. 1134 (KMK)
      a/k/a "Darrell Harris,"           :
                                        :
                    Defendant.          :
                                        :
- - - - - - - - - - - - - - - - - - - - x

<u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the Jury.

i

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury

b.    Indictment not Evidence

c.    Statements of Court and Counsel not Evidence

d.    Burden of Proof and Presumption of Innocence

e.    Reasonable Doubt

f.    Government Treated Like Any Other Party

g.    Interest in Outcome

h.    Inferences

i.    Charts and Summaries

j.    Right to See Exhibits and Have Testimony Read During Deliberations

k.    Sympathy:  Oath as Jurors

l.    Punishment Is Not to Be Considered by the Jury

m.    Consider Each Count Separately

n.    Verdict of Guilt or Innocence Must be Unanimous

1

## REQUEST NO. 2

## The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains two counts against DARRYL HARRIS, the defendant. Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges. Therefore, I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment. Then I will explain in detail the elements of the offenses.

REQUEST NO. 3

Summary of the Indictment

Count One charges that in or about October 2007, DARRYL HARRIS, the defendant, conspired to commit bank robbery, and armed bank robbery, and that an overt act in furtherance of the conspiracy took place in this district.

Count Two charges that on or about October 11, 2007, DARRYL HARRIS, the defendant, committed an armed bank robbery of the JP Morgan Chase Bank in Ardsley, New York, a federally insured bank, and that in committing this robbery a person was assaulted and that lives were put in danger by the use of a dangerous weapon.  Count Two also charges that DARRYL HARRIS, the defendant, aided and abetted others committing the armed bank robbery.

3

<u>REQUEST NO. 4</u>

<u>Multiple Counts</u>

As I just indicated, the Indictment contains two counts against DARRYL HARRIS. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.

Adapted from Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 3-8 (1999); <u>see</u> <u>United States</u> v. <u>Sanzo</u>, 673 F.2d 64 (2d Cir. 1982).

4

REQUEST NO. 5

Count One -
General Instructions (18 U.S.C. § 371)

I will now turn to the language of Count One, the conspiracy charge.  Count One of the Indictment charges DARRYL HARRIS, the defendant, with participating in a conspiracy to violate laws of the United States.  Count One charges, and I am reading now from the Indictment, that:

[The Court is respectfully requested to read
Count One of the Indictment up to Overt Acts]

The Indictment then lists the overt act that is alleged to have been committed in furtherance of the conspiracy, as well as the particular statutes alleged to have been violated.

As I said before, the defendant is charged with having been a member of a conspiracy to violate federal laws.

A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law, as charged in Count One, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the

5

conspiracy was not actually committed.  Congress has deemed it

appropriate to make conspiracy, standing alone, a separate crime,

even if the conspiracy is not successful.

>     Adapted from the charge of the Honorable Leonard B.
>     Sand in United States v. Rios, 91 Cr. 914 (LBS)
>     (S.D.N.Y. 1992).
>
>     See United States v. Labat, 905 F.2d 18, 21 (2d Cir.
>     1990) ("Since the essence of conspiracy is the
>     agreement and not the commission of the substantive
>     offense that is its objective, the offense of
>     conspiracy may be established even if the collaborators
>     do not reach their goal.")

6

REQUEST NO. 6

Count One –
Conspiracy:  Elements of Conspiracy

In order to sustain its burden of proof with respect to the allegation of conspiracy, the Government must prove beyond a reasonable doubt the following three elements:

First, the existence of the conspiracy charged in Count One; that is, an agreement or understanding to violate the laws of the United States.

The first element then is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy; that is, that he knowingly associated himself and participated in the alleged conspiracy to violate the laws of the United States.

Third, the Government must prove that any one of the conspirators -- not necessarily the defendant, but any one of the parties involved in the conspiracy -- knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy in the Southern District of New York.  The Southern District of New York encompasses all of Manhattan, the Bronx, Westchester County, Rockland County, Sullivan County, Putnam County, Orange County and Dutchess County so anything that

7

occurs in Manhattan, the Bronx, Westchester County, Rockland County, Sullivan County, Putnam County, Orange County and Dutchess County occurs in the Southern District of New York.

Now let us separately consider the three elements. First, the existence of the conspiracy; second, whether the defendant knowingly associated himself with and participated in the conspiracy; and third, whether an overt act was committed in furtherance of the conspiracy.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr.. 914 (LBS) (S.D.N.Y. 1992).

<u>REQUEST NO. 7</u>

Count One:  First Element --
<u>Existence of the Conspiracy</u>

Starting with the first element, what is a conspiracy? As I mentioned just a few minutes ago, a conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purposes that are alleged to be the objects of the conspiracy were: (1) that the defendant, DARRYL HARRIS, and others known and unknown, unlawfully, willfully and knowingly, by force and violence, and by intimidation, would and did take from the persons and in the presence of others, property and money belonging to and in the care, custody, control, management, and possession of a bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a); and (2) that the defendant DARRYL HARRIS, and others known and unknown, while committing a bank robbery, unlawfully, willfully and knowingly would and did assault persons and put in jeopardy the lives of such persons by the use of a dangerous weapon, in violation of Title 18, United States Code, Section 2113(d).

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement between two or more persons

9

to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged here is therefore the <u>agreement</u> to violate the laws of the United States.  It is an entirely distinct and separate offense from the <u>actual</u> violation of the laws of the United States.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together around a table and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.

Your common sense will tell you that when men and women undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they usually publicly broadcast their purpose or plans.  From its very nature, a conspiracy is usually secret. Even if actions are taken in the open, the purpose behind those actions is often known only to the conspirators.

Thus, it is sufficient if the Government proves beyond a reasonable doubt that there was a mutual understanding, either

10

spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act. Express language or specific words are not required to indicate assent or attachment to a conspiracy.

Similarly, the Government need not prove that there was such an agreement as to each detail of the scheme or each act taken in furtherance of the scheme. It is sufficient if the Government proves beyond a reasonable doubt that there was an agreement to further at least one of the criminal objectives.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In determining whether there has been an unlawful agreement as alleged in the Indictment, you may judge the acts and conduct of the alleged members of the conspiracy which are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here. Usually, the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual conspirators, which acts, when taken together in connection with each other and with the reasonable inferences that flow from such acts, show a conspiracy or agreement to

11

secure a criminal result. When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as would direct proof.

Thus, for example, an agreement among people may be inferred from circumstantial evidence concerning the relationship of the parties, their overt acts, and the totality of their conduct.

As I mentioned to you before, if the elements of conspiracy are established, it is immaterial whether the conspirators successfully accomplished their purpose. On the other hand, proof that the objects of an alleged conspiracy were accomplished may be the most persuasive evidence of the existence of the conspiracy itself. In other words, success of the venture, if you believe it was successful, and how that success was achieved, may be the best proof of the venture itself.

In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. In sum, if, upon consideration of all the evidence, direct or circumstantial, you find beyond a reasonable doubt that at least two of the alleged conspirators agreed to work together in furtherance of the unlawful scheme alleged in the indictment, then the first element is established.

12

## The Objective of the Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count One charges the defendant with conspiring to violate certain laws of the United States. The Indictment alleges that there were two objects of the conspiracy: (1) to commit bank robbery; and (2) to commit armed bank robbery. The Government need not prove both objects beyond a reasonable doubt. The Government need only prove that the defendant conspired to commit one of the two objects.

If you do not find unanimously that both the first and the second objects were proven, you must conclude unanimously that one object has been proven. You cannot find the defendant guilty if six of you conclude that the Government proved the first object and the other six conclude that the Government proved the second object.

In my instructions, I will instruct you on the elements of bank robbery and armed bank robbery.

> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the

government need not present evidence of a
formal arrangement between the co-
conspirators.  Rather, it is sufficient if
the government can demonstrate that the
defendant acted together with others to
realize a common goal.") (citations omitted).
See also United States v. Rubin, 844 F.2d
979, 983-84 (2d Cir. 1988) (generally
discussing proof of agreement). Adapted from
Sand, Modern Federal Jury Instructions,
Instr. 5-25, 5-26.

14

<u>REQUEST NO. 8</u>

Count One:  Second Element --
<u>Membership in the Conspiracy</u>

If you conclude that the Government has proven beyond a

reasonable doubt that the conspiracy charged in Count One

existed, you must next determine the second question, and that is

whether the defendant, DARRYL HARRIS, participated in the

conspiracy with knowledge of its unlawful purpose and in

furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt

that the defendant knowingly and intentionally entered into the

conspiracy, into the agreement, with a criminal intent -- that

is, with a purpose to violate the law -- and that the defendant

agreed to take part in the conspiracy to promote and cooperate in

its unlawful objective.

<u>"Unlawfully," "Wilfully " and "Knowingly" Defined</u>

The terms "unlawfully" and "intentionally" and

"knowingly" are intended to ensure that if you find that the

defendant did join the conspiracy, you also conclude beyond a

reasonable doubt that, in doing so, he knew what he was doing; in

other words, that he took the actions in question deliberately

and voluntarily.

An act is done "knowingly" and "intentionally" if it is

done deliberately and purposely; that is, the defendant's acts

15

must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

An act is done "wilfully" if it is done voluntarily, intentionally, and with a bad purpose; that is, a purpose to do something that the law forbids.

"Unlawfully" means simply contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule. He need only have been aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place with the defendant or in his presence. The Government contends that these acts and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purposes of the conspiracy.

The defendant denies that he was a member of a conspiracy. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an

inference of knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that a defendant receive any monetary benefit from his participation in the conspiracy or have a financial stake in the outcome so long as he in fact participated in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation has no bearing on the issue of a defendant's guilt. He need not have joined the conspiracy at the outset. He may have joined it for any purpose at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person

17

a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.

In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant have participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

Adapted from the charge of the Honorable
Leonard B. Sand in United States v. Rios, 91
Cr.. 914 (LBS) (S.D.N.Y. 1992), and from

Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>,
Instr. 19-6.

<u>See</u> <u>United</u> <u>States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214
(2d Cir. 1992) ("The defendant's knowledge of
the conspiracy and participation in it with
the requisite criminal intent may be
established through circumstantial evidence.
A defendant need not have joined a conspiracy
at its inception in order to incur liability
for the unlawful acts of the conspiracy
committed both before and after he or she
became a member.") (citations omitted). <u>See</u>
<u>also</u> <u>United</u> <u>States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d
172, 175-6 (2d Cir.) (generally discussing
proof required to show membership in
conspiracy), <u>cert</u>. <u>denied</u>, 112 S. Ct.  347
(1991); and <u>United</u> <u>States</u> v. <u>Maldonado-</u>
<u>Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990)
(same), <u>cert</u>. <u>denied</u>, 111 S. Ct. 2858 (1991).

REQUEST NO. 9

Count One:  Third Element --
Overt Act

The third element is the requirement of an overt act.
To sustain its burden of proof, the Government must show beyond a
reasonable doubt that at least one overt act was committed in
furtherance of the conspiracy by at least one of the co-
conspirators in the Southern District of New York.

I instruct you as a matter of law that Manhattan, the
Bronx, Westchester County, Rockland County, Sullivan County,
Putnam County, Orange County and Dutchess County fall within the
geographic boundaries of the Southern District of New York.

The purpose of the overt act requirement is clear.
There must have been something more than mere agreement; some
overt step or action must have been taken by at least one of the
conspirators in furtherance of the conspiracy.

The overt act is set forth in the Indictment which
alleges:

> [The Court is respectfully requested to read
> the "OVERT ACT" section of Count One of the
> Indictment.]

You may find that overt acts were committed which were
not alleged in the Indictment.  The only requirement is that one
of the members of the conspiracy has taken some step or action in
furtherance of the conspiracy in the Southern District of New

York during the life of the conspiracy.

Let me put it colloquially. The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for you to find that the defendant in this case committed the overt act alleged in the Indictment. It is sufficient for the Government to show that either the defendant or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy. Remember, the act of any one of the members of a conspiracy, done in furtherance of the conspiracy, becomes the act of all the other members. To be a member of the conspiracy, it is not necessary for a defendant to commit an overt act.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr.. 914 (LBS) (S.D.N.Y. 1992).

REQUEST NO. 10

Count One –
Conspiracy:  Time Of Conspiracy

The Indictment charges that the conspiracy charged in Count One existed in or about October 2007.  It is not essential that the Government prove that the conspiracy started and ended on specific dates.  Indeed, it is sufficient if you find that in fact a conspiracy was formed and that it existed for some time within the period set forth in the Indictment, and that at least one overt act was committed in furtherance of the conspiracy within that period.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr.. 365 (S.D.N.Y. 1991).

23

REQUEST NO. 11

Count One –
Liability for Acts and Statements of Co-conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of his co-conspirators, even though such acts or statements were not made in the presence of the defendant or were made without his knowledge.

> See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir.) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay), cert. denied, 459 U.S. 945 (1982).

24

REQUEST NO. 12

Count Two –
Bank Robbery and Armed Bank Robbery
The Statute (18 U.S.C. § 2113(a) and (d))

Count Two of the Indictment charges the defendant with
the substantive crime of armed bank robbery and the lesser
included offense of bank robbery.  Specifically, Count Two
charges the defendant with violating Title 18, United States
Code, Section 2113(a).  Count Two charges, and I am reading now
from the Indictment, that:

> [The Court is respectfully requested to read
> Counts Two and Three to the Jury.]

> Section 2113(a) provides, in relevant part, that:

> Whoever, by force and violence, or by
> intimidation, takes, or attempts to take,
> from the person or presence of another . . .
> any property or money or any other thing of
> value belonging to, or in the care, custody,
> control, management, or possession of . . .
> any bank . . .

is guilty of bank robbery.

Count Two also charges the defendant with violating
Title 18, United States Code, Section 2113(d).  Section 2113(d)
has the additional element that if in the course of the robbery
the defendant:

> . . . assaults any person, or puts in
> jeopardy the life of any person by the use of
> a dangerous weapon or device . . .

is guilty of armed bank robbery.

25

In addition, Count Two charges a violation of Title 18, United States Code, Section 2. Section 2 concerns the concept of aiding and abetting the commission of a federal crime. I will discuss the concept of aiding and abetting with you later in the charge.

REQUEST NO. 13

Bank Robbery:  Elements of the Offense

To find the defendant guilty of bank robbery under Count Two, you must find that the Government has proved, beyond a reasonable doubt, the following four elements:

First: That, on or about the date alleged in the Indictment, the bank was insured by the Federal Deposit Insurance Corporation;

Second: That the defendant, or an individual that the defendant aided and abetted, took money or any other thing of value from the bank, which money or thing of value belonged to or was in the care, custody, control, management or possession of that bank;

Third: That the defendant, or an individual that the defendant aided and abetted, took money or any other thing of value from the person or in the presence of another; and

Fourth: That the defendant, or an individual that the defendant aided and abetted, did accomplish this taking by force and violence or by acting in an intimidating manner.

> Adapted from 2 L. Sand et al., Modern Federal Jury Instructions ¶ 53.02, from the charge of the Honorable John M. Walker in United States v. Gideon Leaks, S 89 Cr. 607 (JAW) (January 9, 1990), and from United States v. McLaughlin, 476 U.S. 16, 17-18 (1986).

27

REQUEST NO. 14

Bank Robbery:  First Element --
A Federally Insured Bank

The first element of bank robbery, which the Government must prove beyond a reasonable doubt, is that the bank alleged in the Count you are considering was a bank within the meaning of the federal bank robbery statute on or about the date alleged in that count.  The law defines the term "bank" to include any bank whose deposits are insured by the Federal Deposit Insurance Corporation.

[If Applicable]

In this case, both sides have stipulated that the JP Morgan Chase Bank, located at 875 Saw Mill River Road, Ardsley, New York, is a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation at all times relevant to this case.

Adapted from 2 L. Sand et al., Modern Federal Jury Instructions ¶ 53.01, at 53-9 and from the charge of the Honorable John M. Walker in United States v. Gideon Leaks, S 89 Cr. 607 (S.D.N.Y.), Tr. 752 (January 9, 1990).

28

REQUEST NO. 15

**Bank Robbery:  Second and Third Elements --
Taking Money From the Custody of the Bank**

The second and third elements of bank robbery require little elaboration.  The Government must prove beyond a reasonable doubt that, with respect to the bank robbery, the defendant, or an individual that the defendant aided and abetted, took money or any other thing of value which was in the care, custody, control, management or possession of, or was owned by, the bank.

The words care, custody, control, management and possession express the idea that the bank must have had control over or responsibility for money.  When bank employees control money through the performance of their jobs, the bank is in possession and control of that money.  Therefore, the money in the control of bank tellers or within the vault of a bank is property that is in the control of the bank. Property is in the "care" of the bank if the bank has made a commitment to guarantee the security or safety of the property.

In addition, the Government must show beyond a reasonable doubt that the defendant, or an individual that the defendant aided or abetted, took money or any other thing of value from the person or in the presence of another.

Adapted from 2 L. Sand et al., Modern Federal
Jury Instructions ¶ 53.01, at 53-10.1 and
from the charge of the Honorable John M.
Walker in United States v. Gideon Leaks, S 89

29

Cr. 607 (S.D.N.Y.), Tr. 752-53 (January 9, 1990).

<u>REQUEST NO. 16</u>

Bank Robbery:  Fourth Element --
<u>Taking by Force and Violence or by Intimidation</u>

The fourth element requires proof beyond a reasonable doubt that the taking involved force or violence or acting in an intimidating manner.  The Government can satisfy this element by proving beyond a reasonable doubt that the defendant, or an individual that the defendant aided or abetted, actually used force and violence in taking money from the bank.  Force and violence have their every day meanings and require no further elaboration.

The Government can also satisfy this element by proving beyond a reasonable doubt that the taking involved intimidation, that is, placing another person or persons in fear.  In other words, the Government must prove either that force and violence were used <u>or</u> that there was intimidation; the Government need not prove both.  Intimidation may be established by proof of circumstances that are normally and reasonably calculated to arouse fear in ordinary human beings.  Therefore, to prove intimidation, the Government must prove that the defendant, or an individual that the defendant aided or abetted, said or did something during the course of the robbery that would make an ordinary person fear bodily harm.  It is not necessary, however, for the Government to prove that each victim actually was

31

frightened in order to establish that the defendant, or an individual that the defendant aided or abetted, acted in an intimidating manner.

Evidence that an unusually timid victim was actually intimidated by the conduct of the defendant, or an individual that the defendant aided or abetted, is not, by itself, proof that the defendant, or an individual that the defendant aided or abetted, engaged in intimidating conduct. The Government must prove beyond a reasonable doubt that an ordinary person would have experienced fear of bodily harm because of what the defendant, or an individual that the defendant aided or abetted, said or did.

Your focus should be on the behavior of the defendant, or an individual that the defendant aided or abetted. Although the Government does not have to show that the behavior of the defendant, or an individual that the defendant aided or abetted, caused, or could have caused, terror, panic or hysteria, the Government does have to show that an ordinary person in the position of the bank employees, security guards or customers at the time of the robbery would have feared bodily harm because of what the defendant, or an individual that the defendant aided or abetted, did or said.

The question for your determination is an objective one: whether the Government has sustained its burden of showing

that the conduct of the defendant, or an individual that the

defendant aided and abetted, constituted force and violence or

provided an expectable basis for the creation of fear.

> Adapted from the charges of the Honorable
> John M. Walker in <u>United States</u> v. <u>Gideon</u>
> <u>Leaks</u>, S 89 Cr. 607 (S.D.N.Y.), Tr. 753-54;
> and of the Leonard B. Sand in <u>United States</u>
> v. <u>Odo Charles Wilkinson</u>, 87 Cr. 777 (S.D.-
> N.Y.), Tr. 409, <u>aff'd by memorandum</u>, 88-1124
> (2d Cir. November 4, 1988); and of the Honor-
> able Marvin Frankel in <u>United States</u> v.
> <u>D'Amico</u>, 68 Cr. 277 (S.D.N.Y.) Tr. 447-449,
> <u>aff'd</u>, 408 F.2d 331 (2d Cir. 1969).

33

REQUEST NO. 17

Armed Bank Robbery: Element --
Putting Life in Jeopardy

Count Two of the Indictment alternatively charges the defendant with armed bank robbery along with bank robbery.

To find the defendant guilty of armed bank robbery, you must find beyond a reasonable doubt that all of the elements of simple bank robbery, as I have just described them, exist. Furthermore, you must find that the lives of one or more persons were placed in jeopardy by the use of a dangerous weapon or device, or that the defendant, or an individual that the defendant aided and abetted, assaulted another person by the use of a dangerous weapon or device.

A dangerous weapon or device includes anything capable of being used to inflict serious bodily harm or injury upon another person. In this regard, I instruct you that, under the law, a firearm and a pellet gun are both considered to be a dangerous weapon whether or not loaded.

To use a dangerous weapon or device means to actively employ the weapon. This does not mean that the defendant must actually use the weapon to harm someone, although that would obviously constitute the use of a weapon. Brandishing, displaying or even referring to the weapon so that others present in the bank knew that the defendant had the weapon available if

34

needed all constitute use of a weapon. If the defendant brandished or displayed a weapon, or what reasonably appeared to those present to be a weapon that is sufficient to constitute use of a weapon. It is not a defense to this element that the weapon was inoperable or unloaded, or even that it was not a real weapon, as long as it appeared to those present to be a dangerous weapon.

In order to meet its burden of proof on armed bank robbery, the Government must prove either that the defendant, or an individual the defendant aided and abetted, assaulted another with a deadly weapon or that the defendant, or an individual the defendant aided and abetted, jeopardized the life of another with a deadly weapon. It need not prove both.

To put another person's life in jeopardy means to expose that person to a risk of death by the use of a dangerous weapon or device, or by provoking a violent reaction from the person threatened or from a person observing the threat. That is, to prove that the defendant put someone's life in jeopardy, the government must prove that the defendant placed someone in a state of danger by the use of a dangerous weapon or device. If you find that the defendant displayed or brandished what appeared to be a dangerous weapon during the robbery, you may find that he put the lives of those present in jeopardy.

To assault another person is to threaten or attempt to

inflict physical harm on that person by the immediate use of a dangerous weapon. An assault may be committed without actually striking or injuring another person. If the defendant threatened to injure another person and also had the apparent ability to carry out that threat, that is an assault for the purposes of this element.

If you find that the defendant, or an individual that the defendant aided and abetted, assaulted or placed in jeopardy the lives of one or more persons by the use of a dangerous weapon or device, and you have found that the other elements of simple bank robbery that I have defined for you have been proved beyond a reasonable doubt, then you should also find the defendant guilty of armed bank robbery in Count Two. It is not necessary for you to find the defendant guilty of armed bank robbery for you to find him guilty of the lesser included offense of simple bank robbery.

> Adapted from United States v. McLaughlin, 476 U.S. 16, 17-18 (1986); and from the charge of the Honorable John M. Walker in United States v. Gideon Leaks, S 89 Cr.. 607 (S.D.N.Y.) (January 9, 1990), Tr. 756-58.

<u>REQUEST NO. 18</u>

<u>Bank Robbery:  Aiding And Abetting</u>

I now want to instruct you on a concept that applies to Count Two -- the concept of aiding and abetting.  As I said, in Count Two, the defendant is charged not only with bank robbery and armed bank robbery, but also with aiding and abetting the bank robbery and armed bank robbery.  Therefore, you may convict the defendant if he <u>either</u> (1) committed the crime charged in the Count you are considering himself <u>or</u> (2) aided and abetted the crime charged in the Count you are considering.  Please keep this in mind when you deliberate on Count Two.  Please also keep in mind the concept of aiding and abetting, which I will explain to you now.

In general, the guilt of a defendant in a criminal case may be established without proof that he personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person, his agent, or by acting in concert with or under the direction of another person or persons in a joint effort or enterprise.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code, provides that:

Whoever commits an offense against the United States or aids, abets, counsels, commands,

37

induces or procures its commission, is
punishable as a principal.

In other words, it is not necessary for the Government to show that the defendant himself physically committed a crime in order for you to find him guilty. If you do not find beyond a reasonable doubt that the defendant robbed the bank, the government may, under certain circumstances, still satisfy its burden of proof for aiding and abetting.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself. You may find the defendant guilty of the substantive crime, therefore, if you find, beyond a reasonable doubt, that the Government has proven that another person actually robbed the bank or committed armed bank robbery, and that the defendant aided and abetted that person in the bank robbery or armed bank robbery.

As you can see, the first requirement is that another person has committed the bank robbery charged in the Count you are considering. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if there was no criminal act. But, if you do find that there was a criminal act, the bank robbery, then you must consider whether the defendant aided or abetted that act.

In order to aid or abet another to commit a crime, it

38

is necessary that the defendant willfully and knowingly associates himself in some way with the crime, and that he willfully and knowingly seeks, by some act, to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done -- that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

-- Did he participate in the bank robbery charged as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and willfully?

39

-- Did he seek by his actions to make the

    criminal venture succeed?

If he did, then that defendant is an aider and abettor,

and therefore guilty of the offense, bank robbery.  If he did

not, then the defendant is not an aider and abettor, and is not

guilty of bank robbery.

Adapted from charge given in United States v.
Omar Portee, et al., S6 01 Cr. 450 (NRB), at
7190-93; charge of Judge Robert L. Carter in
United States v. Ramirez, S17 98 Cr. 438
(RLC) (S.D.N.Y. 2000) and from Sand, Modern
Federal Jury Instructions, Instrs. 11-1, 11-
2, and from the charge approved in United
States v. Stanchich, 550 F.2d 1294 (2d Cir.
1977).  See United States v. Labat, 905 F.2d
18, 23 (2d Cir. 1990) (discussing
requirements of aiding and abetting
liability); United States v. Clemente, 640
F.2d 1069 (2d Cir.) (same), cert. denied, 454
U.S. 820 (1981).

REQUEST NO. 19

Venue

In addition to all of the elements I have described for you, you must also decide whether any act in furtherance of each of those crimes occurred within the Southern District of New York, which includes Manhattan, the Bronx, Westchester County, Rockland County, Orange County, Sullivan County, Putnam County and Dutchess County.  This means that, with regard to each count, you must decide whether the crime charged in a particular count or any act committed to further or promote the crime, occurred within the Southern District of New York.  In this connection, I instruct you that all of Manhattan, the Bronx, Westchester County, Rockland County, Orange County, Sullivan County, Putnam County and Dutchess County are in the Southern District of New York.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime you are considering for a particular count occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then

41

you must acquit the defendant of the charge.

> Adapted from the charge of the Honorable
> Charles S. Haight, Jr. in <u>United States</u> v.
> <u>Rogers</u>, 90 Cr. 377 (CSH) (S.D.N.Y. 1991)
> (wire fraud), and from Sand, <u>et al.</u>, <u>Modern
> Federal Jury Instructions</u>, Instr. 3-11; <u>see</u>
> 18 U.S.C. § 3237 (general venue provision for
> offenses committed in more than one
> district).  <u>See also United States</u> v.
> <u>Naranjo</u>, 14 F.3d 145, 147 (2d Cir. 1994)
> ("[P]hone calls from one district into
> another can establish venue in the latter
> district so long as they further the ends of
> the conspiracy."); <u>United States</u> v. <u>Gonzalez</u>,
> 922 F.2d 1044, 1054-55 (2d Cir. 1991)
> (affirming that venue is governed by a
> preponderance standard).

REQUEST NO. 20

Defendant's Right Not To Testify

(If requested by the defendant)

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, et al., Modern Federal Jury Instructions, Instr. 5-21.

43

REQUEST NO. 21

Character Testimony

(If Applicable)

During the course of this trial, there has been testimony that the defendant, DARRYL HARRIS, has a reputation for [insert character trait testified to]. [There has also been testimony to the contrary].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crime charged.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

> A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. See United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit noted that, "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." Id. at 30 (citations omitted).

44

REQUEST NO. 22

Limiting Instruction - Similar Acts Evidence

[If Applicable]

The Government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose - as evidence of the defendant's identity - and you may consider it only for that limited purpose.

If you determine that the defendant committed the similar acts, then you may, but you need not draw an inference that the defendant is the same individual who committed the crimes charged.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other acts he must also have committed the acts charged in the Indictment.

45

Adapted from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand et al., Modern Federal Jury Instructions, Instr. 5-25.

REQUEST NO. 23

Preparation Of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

47

REQUEST NO. 24

Persons Not On Trial

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from Judge Werker's charge in United States v. Barnes, S 77 Cr. 190 (S.D.N.Y. Nov. 29, 1977).

REQUEST NO. 25

Investigative Techniques

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

> See also United States v. Regan, 103 F.3d 1072 (2d Cir. 1997); United States v. Rosado, 728 F.2d 89 (2d Cir. 1984).

REQUEST NO. 26

Uncalled Witnesses — Equally Available

You have heard the names of certain people during the course of the trial who did not testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 6-7. See United States v. Super, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

50

REQUEST NO. 27

Expert Testimony
(If applicable)

You have heard testimony from what we call expert
witnesses, here, a forensic scientist.  Expert witnesses are
witnesses who, by education or experience, have acquired
learning in a science or a specialized area of knowledge.  Such
witnesses are permitted to give their opinions as to relevant
matters in which they profess to be experts and give their
reasons for their opinions.  Expert testimony is presented to
you on the theory that someone who is experienced in the field
can assist you in understanding the evidence or in reaching an
independent decision on the facts.

Your role in judging credibility applies to experts as
well as to other witnesses.  You should consider the expert
opinions that were received in evidence in this case and give
them as much or as little weight as you think they deserve.  If
you should decide that the opinion of an expert was not based on
sufficient education, experience, or data, or if you should
conclude that the trustworthiness or credibility of an expert is
questionable for any reason, or if the opinion of the expert was
outweighed, in your judgment, by other evidence in the case,
then you might disregard the opinion of the expert entirely or
in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing great reliance on the expert's testimony.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge Michael B. Mukasey in United States v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

REQUEST NO. 28

Accomplice Testimony

You have heard from one witness -- Christina Dawn Davis -- who testified that she was actually involved in planning and carrying out the crimes charged in the Indictment. There has been a great deal said about this accomplice witness in the summations of counsel about whether you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in the alleged crimes at issue. Often times it is necessary. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

The testimony of an accomplice is properly considered by the jury. If accomplices were not used, there would be many cases in which a conviction should be had, but in which a conviction would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for

53

conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility. However, it is not true that, simply because a person has admitted participating in one or more crimes, he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, and the extent to which his or her testimony is or is not corroborated by other evidence in the case.

You heard testimony about an agreement between the Government and the witness. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of an accomplice witness, you should ask yourselves whether an accomplice would benefit

54

more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that a witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth? Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it. That is a determination entirely for you.

> Adapted from the charge approved in United
> States v. Projansky, 465 F.2d 123, 136-37
> n.25 (2d Cir.), cert. denied, 409 U.S. 1006
> (1972), from the charge of Judge John F.
> Keenan in United States v. Carrero, 91 Cr.

365 (S.D.N.Y. 1991), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-5. <u>See United States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part." (citations omitted)), <u>cert. denied</u>, 444 U.S. 1082 (1980); <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977). <u>See also United States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

<u>REQUEST NO. 29</u>

<u>Redaction Of Evidentiary Items</u>
(If applicable)

We have, among the exhibits received in evidence, some documents that are redacted.  "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

57

REQUEST NO. 30

Direct And Circumstantial Evidence

I am now going to say a few words on the subject of direct and circumstantial evidence.  There are two types of evidence that you properly may use in deciding whether or not the defendant is guilty of a particular crime with which he is charged.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard or observed.  In other words, when a witness testifies about a fact in issue which is known of the witness's own knowledge -- by virtue of what he or she sees, feels, touches or hears -- that is called direct evidence of that fact.

The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.  There is a simple example of circumstantial evidence that is often used:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day outdoors. Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Somebody else then walked in

58

with a raincoat that also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it has been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

I have spoken to you of inferences to be drawn from the evidence. This is what the law means when it speaks of inferring one fact from another. An inference is the deduction or conclusion that reason and common sense prompt a reasonable mind to draw from facts that have been proven by the evidence. Not all logically possible conclusions are legitimate or fair inferences. Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in the case. Whether or not to draw a particular inference is of course a matter exclusively for you, as are all determinations of fact.

Many material facts, such as state of mind, are rarely susceptible of proof by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable

inferences you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant of a particular charge, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

REQUEST NO. 31

Variance In Dates

As we have proceeded through the Indictment, you have noticed that it refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

Adapted from the charged of Judge Edward
Weinfeld in United States v. Della Rocca, 72
Cr. 217 (S.D.N.Y. 1972), and from the charge
of Judge Charles Metzner in United States v.
Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974),
cert. denied, 420 U.S. 977 (1975).

REQUEST NO. 32

Stipulations
(If applicable)

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, et al., Modern Federal Jury Instructions, Instrs. 5-6, 5-7.

Dated:    White Plains, New York
          September 5, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By:  _____
     ANNA M. SKOTKO
     Assistant United States Attorney
     (914) 993-1939

62

## CERTIFICATE OF SERVICE

ANNA M. SKOTKO deposes and says that she is employed in the Office of the United States Attorney for the Southern District of New York.

That on September 5, 2008, she served a copy of the attached Government's Proposed Requests To Charge by United States Mail on

        Larry J. Sheehan, Esq.
        840-11 Grand Concourse
        Suite 1-B
        Bronx, NY 10451

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.


Dated:  White Plains, New York
        September 5, 2008


                        _____
                        ANNA M. SKOTKO